UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kevin Gipson,<br><br>　　　　Plaintiff<br><br>v.<br><br>Warden Najara, *et al.*,<br><br>　　　　Defendants | Case No. 2:23-cv-00996-CDS-BNW<br><br>**Order Granting IFP Application and Instructing Petitioner to Show Cause Why the Petition Should Not Be Dismissed as Untimely**<br><br>[ECF Nos. 1, 1-1] |

　　　　Pro se petitioner Kevin M. Gipson has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1) as well as an application to proceed *in forma pauperis* ("IFP"). ECF No. 1. This matter comes before me for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, I grant Gipson's IFP application. I also order Gipson to show cause in writing as to why this action should not be dismissed with prejudice as untimely.

**I.　　IFP Application**

　　　　I have considered Gipson's IFP application along with the attached financial documents and conclude that he cannot pay the $5.00 filing fee. The IFP application (ECF No. 1) will therefore be granted.

**II.　　Background**

　　　　Gipson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Gipson*, Case No. 10C264079. Gipson entered into a guilty plea for one count of murder with use of a deadly weapon. On March 13, 2012, the state court entered a judgment of conviction and sentenced him to life with the possibility of parole after 20 years.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Gipson represents that he did not file an appeal to the Nevada appellate courts regarding his conviction. In June 2014, Gipson filed a state petition for writ of habeas corpus seeking post-conviction relief. Although the state habeas petition was untimely, the state court concluded Gipson demonstrated good cause to overcome the procedural bars. The state court nonetheless denied his state habeas petition on the merits. The Nevada Court of Appeals found the district court erred by denying the state's motion to dismiss and determining that Gipson demonstrated good cause to overcome the procedural bar. The Nevada Court of Appeals nonetheless affirmed the denial of relief.

In February 2017, Gipson filed a second state habeas petition. The Nevada Court of Appeals affirmed the state court's denial of relief finding Gipson filed his state petition nearly five years after the state court entered the judgment of conviction. In April 2022, Gipson filed a third state habeas petition that appears to remain pending before the state court. In June 2023, Gipson filed the federal habeas petition. ECF No. 1-1.

### III.   Discussion

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A).

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, an untimely state petition is not "properly filed" and thus does not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Here, Gipson did not file a direct appeal, thus his conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on April 12, 2012. The AEDPA statute of limitations thus began to run the following day and expired 365 days later on April 12, 2013. Although Gipson filed the first state habeas petition in June 2014, it was filed one year after the expiration of the AEDPA limitations period and thus could not have tolled an already expired deadline. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Even if the state petition had been filed before the AEDPA statute of limitations expired, it would not have tolled the federal deadline because the state petition was untimely under Nevada law, making it not "properly filed" for the purposes of tolling the AEDPA deadline. *See Pace*, 544 U.S. at 417. Therefore, without another basis for tolling or delayed accrual, the AEDPA deadline expired on April 12, 2013, and Gipson's federal petition, filed more than 10 years later, is untimely on its face. Accordingly, within 45 days of entry of this order, Gipson must show cause in writing why his petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, Gipson is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). A petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. As applicable here, Gipson is informed that he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of

his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Gipson is further informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Gipson is further informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

### IV.    Conclusion

IT IS THEREFORE ORDERED that petitioner Kevin M. Gipson's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**.

IT IS FURTHER ORDERED that Gipson must show cause in writing within 45 days of the date of entry of this order why this action should not be dismissed as untimely. If Gipson does not timely respond to this order, the petition will be dismissed with prejudice without further notice. If Gipson responds but fails to show specific, detailed, and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice. Unsupported assertions of fact will be disregarded.

DATED: July 12, 2023

_____
UNITED STATES DISTRICT JUDGE