UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kevin M. Gipson<br><br>              Petitioner<br><br>   v.<br><br>Warden Naraja, et al.,<br><br>            Respondents | Case No. 2:23-cv-00996-CDS-BNW<br><br>**Order Appointing Counsel<br>and Denying Petitioner's<br>Motion to Stay Case**<br><br>[ECF Nos. 4, 6] |

      This habeas matter is before me on pro se petitioner Kevin M. Gipson's response (ECF No. 4) to the order to show cause (ECF No. 3) why this matter should not be dismissed as untimely. Also before me is petitioner's motion to stay case (ECF No. 6).

**I.     Background**

      Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. Petitioner entered a guilty plea for murder with use of a deadly weapon. On March 13, 2012, the state court entered a judgment of conviction and sentenced him to life with the possibility of parole after 20 years.

      Petitioner represents that he did not file an appeal to the Nevada appellate courts regarding his conviction. In June 2014, petitioner filed a state petition for writ of habeas corpus seeking post-conviction relief. Although the state habeas petition was untimely, the state court concluded petitioner demonstrated good cause to overcome the procedural bars. The state court nonetheless denied his state habeas petition on the merits. The Nevada Court of Appeals found the district court erred by denying the state's motion to dismiss. The Nevada Court of Appeals nonetheless affirmed the denial of relief.

      In February 2017, petitioner filed a second state habeas petition. The Nevada Court of Appeals affirmed the state court's denial of relief finding petitioner filed his state petition nearly five years after the state court entered the judgment of conviction. In April 2022, petitioner filed a third state habeas petition. In June 2023, petitioner filed his federal habeas petition. ECF No. 1-1.

II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A).

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, an untimely state petition is not "properly filed" and thus does not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

The show cause order explained that, because petitioner did not file a timely notice of appeal after the state district court entered the judgment of conviction, petitioner's conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on April 12, 2012. The AEDPA statute of limitations thus began to run the following day and expired 365 days later on April 12, 2013. Although petitioner filed the first state habeas petition in June 2014, it was filed one year after the expiration of the AEDPA limitations period and thus could not have tolled an already expired deadline. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Even if the state petition had been filed before the AEDPA statute of limitations expired, however, it would not have tolled the federal deadline because the state petition was untimely. Because the state petition was not timely under Nevada law, it was not "properly filed" for the purposes of tolling the AEDPA deadline. *See Pace*, 544 U.S. at 417. Therefore, without another basis for tolling or delayed accrual, the AEDPA deadline expired on April 12, 2013. Petitioner filed his petition more than ten years after the limitations period expired.

In his response to the order to show cause, petitioner asserts that equitable tolling is warranted because of his mental impairment and the state court's failure to appoint counsel on collateral review. ECF No. 4 at 8. He further asserts that he did not understand what to do and

was unable to articulate his claims. *Id.* Petitioner filed his response to the order to show cause with the assistance of another inmate and requests the appointment of counsel. *Id.* at 9.

In *Bills v. Clark*, 628 F.3d 1092 (9th Cir.), the Ninth Circuit articulated a two-part test to determine whether a mental impairment amounts to an "extraordinary circumstance" warranting equitable tolling. The impairment must have (1) been "so severe that either (a) the petitioner was unable personally … to understand the need to timely file; or (b) … unable to personally prepare a habeas petition and effectuate its filing," and (2) the impairment "made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Id.* at 1093. This is not "a mechanical rule"; rather, equitable tolling determinations require "a flexible, case-by-case approach." *Id.* at 1096.

I find that appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure, and the number and complexity of potential claims. Although petitioner filed his petition more than ten years after the limitations period expired, he asserts equitable tolling is warranted based on mental impairment. Given the myriad of potential procedural obstacles petitioner's situation presents, request for appointment of counsel accordingly is granted.

### III.     Motion to Stay Case

In his form motion, petitioner requests a stay of the case and cites *Rudin v. Myles*, 781 F.3d 1043 (9th Cir. 2014), in support of the contention that a protective federal petition should be filed in any post-conviction case pending in state court. ECF No. 6 at 2. The motion further provides that the petition cannot be resolved because the claims in the state court petition have not been resolved. The petition herein is not considered a protective federal petition because petitioner does not have an initial collateral proceeding pending in state court. Accordingly, I deny petitioner's motion to stay case without prejudice.

### IV.     Conclusion

It is therefore ordered that petitioner Kevin M. Gipson's motion to stay **case [ECF No. 6] is DENIED** without prejudice.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have until 30 days to undertake direct representation of petitioner or to indicate the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, I will appoint alternate counsel. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. I anticipate setting the deadline for approximately 120 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents and to provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from respondents until further order of the Court.

The Clerk of the Court will send a copy of this order to the pro se petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED: November 6, 2023

_____
UNITED STATES DISTRICT JUDGE